UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20049-Cr-Cooke/Torres

UNITED STATES OF AMERICA,
Plaintiff,

v.

LESLIE ROBERTS, III,
Defendant.
______________________________________/

**DEFENDANT ROBERTS' POSITION WITH RESPECT TO SENTENCING FACTORS**

The Defendant, Leslie Roberts, III, by and though undersigned counsel, files his position concerning the following contents of his Presentence Investigation Report (PSI):

1. Page 6, Paragraph 14: Mr. Roberts did not "enlist[ ]" his sister to duplicate P.M.'s paintings. Instead, Brittney's participation resulted from a joint decision between her and her father based on her superior artistic abilities.

2. Page 6, Paragraph 15: Concededly, Brittney and to a lesser extent this Defendant utilized hotel rooms to prepare forgeries of P.M.'s artwork. Their primary purpose, however, was to avoid detection by their mother and step-father (with whom they lived) rather than by law enforcement. Additionally, the technology that they employed can hardly be considered "sophisticated" as it is available to virtually anyone with access to a computer.

3. Page 6, Paragraph 16: Because he lacks his sister's artistic talent, Mr. Roberts was primarily responsible for creating duplicate "mixed media" images rather than paintings. Although he was originally paid $100 for each of the items that he produced, his father over time reduced that payment to $75, then $50 and ultimately to $35. Nor was he paid $3,000 for his sister's duplicate paintings.

4. Page 7, Paragraph 23; Page 8, Paragraph 26; Page 9, Paragraph 31: Despite the parties' stipulation in the Plea Agreement that "the relevant loss amount attributed to this defendant" is between $400,000 and $1,000,000, (DE 16:3), and that a fourteen (14) level enhancement thus applies, the Probation Office suggests instead that the applicable loss amount exceeds $1,000,000. Both the Defendant and the government urge the Court to adopt their stipulation as it more accurately represents Mr. Roberts' culpability in the charged offenses.

Additionally, although not yet approved by Congress, the Sentencing Commission has recently proposed an amendment to the Sentencing Guidelines recommending that the loss table in § 2B1.1 be modified "to account for inflation." The revised loss table will - if adopted - provide for a fourteen (14) level enhancement for the amount of loss suggested by the Probation Office here.

5. Page 8, Paragraph 25; Page 8, Paragraph 33: The Probation Office has determined that Mr. Roberts was not a minor participant in the charged offenses at least in part because "[w]ithout [his] involvement, the fraud could not have come to fruition." PSI at ¶ 25. Clearly, however, the Defendant's father - the progenitor of the charged scheme - had other sources for illicitly duplicated artwork. But more importantly, another recently proposed amendment to the Sentencing Guidelines "provides that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative" of his or her eligibility for a sentence reduction. Synopsis of Proposed Amendment to U.S.S.C. § 3B1.2.

The proposed amendment offers an example that it is particularly apposite here: "a defendant who is accountable under § 1B1.3 for a loss amount under § 2B1.1 [ ] that greatly exceeds the defendant's personal gain from a fraud offense *or* who had limited knowledge of the scope of the scheme may receive" a mitigating role adjustment. U.S.S.G. § 3B1.2, comment. (n. 3(A)) (proposed amendment) (emphasis supplied). Undeniably, Mr. Roberts satisfies the first clause of this example as he received only a single digit percentage of *any* loss amount the Court may determine. Additionally, he: 1) had no contact with the ultimate victims of his father's scam; 2) exercised no "decision-making authority" as he merely yielded to his father's behests; and 3) lacked a "proprietary

interest" in the instant offenses and instead was "simply paid to perform certain tasks." *Id.* at note 3(C) (proposed amendment). Even absent the familial relationship between Mr. Roberts and his father, the record thus warrants a reduction for minor role. That this Defendant was acting under the domination of a parent renders that conclusion inescapable.

6. Page 18, Paragraph 39; Page 14; Paragraph 67 and 74: If the Court agrees with the Defendant's position in paragraphs 4 and 5, the resulting total offense level is 18 with a corresponding advisory guideline range of 27 to 33 months incarceration. The fine range is $6,000 to $60,000.

Request for Downward Variance

During the Court's tenure on the bench, it has surely heard many a defense lawyer lament about the lack of a positive male role model in their client's lives. In most of those cases, a father figure was physically absent during the accused's childhood. In the instant case, such an absence might have been preferable.

Certainly, no one disputes that Mr. Roberts would not have participated in the charged offenses had he not been prevailed upon by his father. While the Defendant concededly could have - and as he acknowledges, should have - declined his father's entreaties, the influence exerted on him by his father

cannot be ignored.[1] The effect of that influence is evidenced by the lack of *any* criminal activity by Mr. Roberts in the year and a half since he disassociated himself from his father. His voluntary withdrawal from illicit conduct is of course another factor that the Court can - and should - consider in mitigation.[2]

Unfettered from his father's domination, the Defendant has thrived. He has ascended to the position of manager at his job. PSI at ¶ 56. He desires to return to school and start a family. *Id.* at ¶ 48.[3] He abstains from alcohol or drug abuse. *Id.* at ¶ 54. And after his arrest here, he immediately agreed to plead guilty and has been debriefed about his involvement and that of others in the charged offenses.

Mr. Roberts is an intelligent young man who understood the criminality of his conduct as it occurred. But his motivation for entering into that activity was surely outside the norm. For that reason - and the others described above - he asks that the Court impose a sentence less than that recommended by the

---

[1]Although it does not mitigate his son's culpability, the elder Roberts' decision to "flip" on his children and videotape them while he elicited incriminating statements from them is surely indicative of his rather perverse concept of parenting.

[2]Two factors for the Court to consider in imposing sentence are: 1) the need to "afford adequate deterrence"; and 2) the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C).

[3]His intention to attend college is on hold pending resolution of the instant proceedings.

Sentencing Guidelines.[4]

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY: s/ Eric M. Cohen
Eric M. Cohen
Assistant Federal Public Defender
Florida Bar No. 328065
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: 305-530-7000/Fax: 305-536-4559
E-Mail Address: Eric_Cohen@fd.org

[4]The defense will make a more specific recommendation at the sentencing proceeding scheduled for June 3, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF and has served same via U.S. Mail to those counsel(s) who are not authorized to receive electronically Notice of Electronic Filing.

s/ Eric M. Cohen
Eric M. Cohen

## SERVICE LIST

**United States of America v. Leslie Roberts**

**Case No. 15-20049-Cr-Cooke/Torres**

**United States District Court, Southern District of Florida**

Eric M. Cohen, AFPD
Eric_Cohen@fd.org
Federal Public Defender's Office
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Telephone: 305/530-7000
Facsimile: 305/536-4559
Attorney for Defendant
CM/ECF

United States Attorney's Office
99 N.E. 4th Street
Suite 600
Miami, Florida 33132
Telephone: 305/961-9000
Facsimile: 305/530-7976
Attorney for United States
CM/ECF

J:\Roberts, III, Leslie Reg07346-104\Pleadings\Defendant Roberts" Position with Respect to Sentencing Factors