**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-20049-CR-COOKE**

**UNITED STATES OF AMERICA**

**vs.**

**LESLIE ROBERTS III,**

**Defendant.**
**_________________________________ /**

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS**
**TO PRESENTENCE INVESTIGATION REPORT**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant Leslie Roberts, III's ("Defendant['s]") Position with Respect to Sentencing Factors ([ECF No. 19]), and states as follows:

**DISCUSSION**

Defendant's objections concern portions of the presentence investigation report's ("PSI['s]") recitation of the facts of the case, as well as legal objections concerning his role in the offense, and the loss amount attributable to him under Section 2B1.1(b)(1) of the Sentencing Guidelines. (Def. Obj. at 1-2). Each objection is addressed, in turn.

a. PSI ¶ 14

Defendant first objects to the probation officer's statement that he "enlisted" his sister into the conspiracy. (Def. Obj. at 1). As noted by the probation officer in the addendum to the PSI, this is an accurate statement based on co-conspirator Brittney Lynn Roberts' admissions to federal agents and her signed factual proffer, which stated: "Roberts Jr. then enlisted the [sic] Roberts III to make copies of the artworks consigned by E.S. Roberts III agreed to forge the P.M. paintings in

exchange for payment. Roberts III then enlisted his sister, the defendant, to make copies of the P.M. paintings." (See Case No. 15-CR-20175-KING, April 27, 2015 Factual Proffer [ECF No. 12] at 2). Ms. Roberts adopted that statement as true while under oath during her plea colloquy before Magistrate Judge Barry L. Garber. (See Case No. 15-CR-20175-KING, April 28, 2015 Report and Recommendations on Plea of Guilty as to Brittney Lynn Roberts [ECF No. 13] at 3).

Moreover, Defendant does not dispute that he began creating forged artworks before his sister became involved in the forgery scheme. It was only after Defendant recognized that he was capable of producing just the smaller, mixed media works that Ms. Roberts began creating the larger paintings. (See Def. Obj. at 2). Once Ms. Roberts began producing artworks, Defendant accepted payment for those artworks: from his father and sometimes on his sister's behalf. Defendant was also responsible for transporting both the works he created and the works produced by his sister the artworks to his father's gallery. Defendant, not Ms. Roberts, received payment from the father. The only correspondence recovered by law enforcement in this case concerning forgeries was between Defendant and his father. In that correspondence, Defendant discussed price terms and fraudulent certificates of authenticity, which he provided. All of this shows that Ms. Roberts' interactions with her father were limited, and supports the conclusion that she became involved through Defendant, with whom she dealt directly. The objection should be overruled.

b. PSI ¶ 15

Defendant's next objection, which concerns the co-conspirators' use of hotel rooms as studios as well as the technology employed by him and his sister, has no bearing on Defendant's advisory guidelines range. Although Defendant contests the probation officer's characterization of the computer equipment as "sophisticated," it should be noted that a "sophisticated means"

enhancement under Section 2B1.1(b)(10) was not applied in this case. Nor was a "special skills" enhancement applied under Section 3B1.3 (Abuse of Position of Trust or Use of Special Skill).

c. PSI ¶ 16

Defendant's next objection concerns his receipt of payment for the larger paintings created by his sister. While it is true that the $3000 payments ultimately went to Ms. Roberts, Defendant, as noted, was responsible for transporting the artwork to Les Roberts Jr. Furthermore, Defendant, not his sister, actually accepted payment for the artworks. Paragaraph 16 is accurate and Defendant's objection should be overruled.

d. PSI ¶¶ 23, 26, 31

Defendant's objections to the loss amount calculation in the draft PSI were well-founded and have the loss figured have been corrected in the probation officer's subsequent addendum. Therefore, the issue has been resolved and the parties agree that the loss amount in this case is between $400,000 and $1,000,000, as reflected in the plea agreement. (See Plea Agreement [ECF No. 16]).

e. PSI ¶¶ 25, 33

Defendant's final objection concerns his role in the offense. (Def. Obj. at 3). He contends that his role in the scheme was minor. (Id.) This objection should be overruled.

Under Section 3B1.2(b), the district court may reduce the offense level by two points if a defendant is a minor participant in the offense. District courts use a two-part test to determine if a defendant is a minor participant. First, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir. 1999) (en banc). Relevant conduct includes that "conduct attributed to the defendant in calculating [his] base offense level," id. at 941, and "in

many cases this method of analysis will be dispositive." Id. at 945. Second, "the district court may also measure the defendant's role against the other participants', to the extent that they are discernable, in that relevant conduct." Id. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." Id. at 944. Instead, he must be "less culpable than most other participants in [the] relevant conduct." Id. (emphasis added).

As noted, Defendant was involved in the forgery scheme from its inception. While perhaps not the most culpable participant in the fraud, Defendant was responsible for creating and transporting the bulk of the forgeries to his father. He accepted payment for hundreds of artworks, as noted in his acceptance of responsibility statement. He negotiated price terms for the forgeries, as reflected in correspondence recovered by law enforcement, and he further negotiated additional payments for future forgeries during a recorded meeting in October 2013. Defendant was solely responsible for procuring fraudulent certificates of authenticity for the artworks. It cannot be said that he was a minor participant in the crime.

## CONCLUSION

For the foregoing reasons, the United States requests that this Court overrule Defendant's objections to the PSI, except where otherwise noted herein.

[REMAINDER OF PAGE INENTIONALLY LEFT BLANK]

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ Christopher B. Browne
CHRISTOPHER B. BROWNE
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 91337
99 Northeast 4th Street, 6th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9419
Facsimile: (305) 536-4699
E-mail: christopher.browne@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on June 2, 2015.

/s/ Christopher B. Browne
Assistant United States Attorney